# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

March 28, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**BRANDON GERACE,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0137** (BOR Appeal No. 2047495)
                        (Claim No. 2012001057)

**LOGAN HYDRAULICS COMPANY,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Brandon Gerace, by John Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Logan Hydraulics Company, by Jeffrey Brannon and Shawna White, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 18, 2013, in which the Board affirmed a July 26, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 23, 2011, decision closing Mr. Gerace's claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 28, 2011, Mr. Gerace injured his right wrist while lifting a piece of sheet metal in the course of his employment as a welder with Logan Hydraulics Company. Later that day, Mr. Gerace was diagnosed with a right wrist sprain and an old right scaphoid fracture. On July 19, 2011, the claim was held compensable for a right wrist sprain. Mr. Gerace began treating with Alan Koester, M.D., who diagnosed him with a right wrist sprain/strain with an underlying right scaphoid nonunion. Dr. Koester noted that the scaphoid nonunion occurred during a motorcycle accident five years earlier. He then concluded that the scaphoid nonunion was

1

aggravated by Mr. Gerace's work-related injury. Dr. Koester performed a surgical stabilization of the scaphoid on October 13, 2011. On November 3, 2011, Prasadarao Mukkamala, M.D., performed an independent medical evaluation. Dr. Mukkamala concluded that the October 13, 2011, surgery was not necessitated by the compensable injury. He further concluded that the compensable injury was a simple sprain/strain and that the surgery was performed to treat a nonunion of the scaphoid resulting from an earlier non-compensable injury. On November 23, 2011, the claims administrator closed Mr. Gerace's claim for temporary total disability benefits.

In its Order affirming the November 23, 2011, claims administrator's decision, the Office of Judges held that the evidence of record demonstrates that the claim was properly closed for temporary total disability benefits. Mr. Gerace disputes this finding and asserts that he required right wrist surgery as a result of his compensable right wrist sprain, and further asserts that the claim was improperly closed for temporary total disability benefits because he was still recovering from the right wrist surgery at the time of the closure for temporary total disability benefits.

The Office of Judges concluded that Dr. Mukkamala's determination that Mr. Gerace had reached maximum medical improvement on November 3, 2011, would in itself be sufficient to close the claim for temporary total disability benefits pursuant to West Virginia Code § 23-4-7a (2005). The Office of Judges then found that the evidentiary record establishes that Dr. Koester performed the afore-mentioned right wrist surgery in order to repair a scaphoid fracture of the right wrist, and further found that said right wrist fracture occurred during a 2006 non-work-related motorcycle accident. The Office of Judges then noted that the only compensable diagnosis in the instant claim is a right wrist sprain, and found that the evidence of record does not indicate that the right wrist surgery was medically necessary or reasonably required to treat the compensable wrist sprain. The Board of Review reached the same reasoned conclusions in its decision of January 18, 2013. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  March 28, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II